May Term,
1845.

BERRY
v.
BORDEN.

---

## BERRY *v.* BORDEN.

If the declaration in trespass contain two counts alleging different assaults and batteries, and the defendant's plea justify only one of the trespasses, the plaintiff, by replying *de injuria*, waives the benefit of one of the counts, and cannot give evidence of an assault and battery different from the one justified.

A judgment *non obstante veredicto* is allowed only where the plea confesses the action, and entirely fails to avoid it.

Friday,
May 30.

ERROR to the *Allen* Circuit Court.

DEWEY, J.—Trespass, assault and battery. The declaration contains two counts alleging different assaults and batteries on the same day. Plea, "as to the assaulting, beating, &c., in the declaration mentioned," *son assault demesne*, justifying a single assault and battery, and alleging that the injury done to the plaintiff, in the necessary self defence of the defendant, "was the supposed trespasses mentioned in the introductory part of the plea, and whereof the plaintiff complained." Replication, *de injuria;* and issue. On the trial, the defendant established his justification by proof. The plaintiff then offered testimony of an assault and battery different from that justified. The Court rejected the testimony, and there was a verdict for the defendant. The plaintiff prayed a judgment *non obstante veredicto*, which was

refused. Final judgment for the defendant upon the ·verdict.

The plaintiff might, undoubtedly, have compelled the defendant to plead separately to each count, by demurring to the plea; but by replying *de injuria* he waived the benefit of one of the counts, and confined the trial to the single trespass justified by the plea. 1 Chitt. Pl. 414.—*Gale* v. *Dalrymple*, and *Gibson* v. *Hawkey*, Ryan & Mood. 118. The Court committed no error in rejecting evidence of a second assault and battery.

The motion for a judgment notwithstanding the verdict, was also correctly overruled. Such judgments are allowed only when the plea confesses a cause of action, and entirely fails to avoid it upon the merits. 1 Chitt. Pl. 556, 557.— Steph. Pl. 97. In the present cause, the trial was restricted by the pleading to the single trespass justified by the plea, which set forth a good defence,—*son assault demesne*. The merits, therefore, were fully tried, and the defendant was entitled to judgment upon the verdict.

*Per Curiam.*—The judgment is affirmed with costs.

*H. Cooper*, for the plaintiff.

*W. H. Coombs* and *M. G. Bright*, for the defendant.